UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X        **CV 03-5848(SF)(WDW)**
MARIO CEDENO,

                    Plaintiff


-against-



COUNTY OF SUFFOLK, POLICE OFFICERS
FRANCIS RENDON, SHIELD #4509,
CHRISTINE CUNNINGHAM, SHIELD #4746,
JOSEPH LINK, SHIELD #2889, and
UNIDENTIFIED SUFFOLK COUNTY
POLICE OFFICERS, EMPLOYEES AND
AGENTS,

                    Defendants
------------------------------X        **AMENDED COMPLAINT**


        Plaintiff, by his attorney, K.C. OKOLI, ESQ., complaining of
the defendants, alleges as follows:


                    JURISDICTION AND VENUE

        1.    Jurisdiction is founded upon the existence of a Federal
Question.

        2.    This action is brought pursuant to the Civil Rights
Acts, 42 U.S.C. §§1981, 1983 & 1985.  The jurisdiction of the
Court is invoked to secure the protection and redress the
violation of rights guaranteed to plaintiff by the Fourth, Eighth
and Fourteenth Amendments to the Constitution of the United
States.

        3.    The jurisdiction of the Court over these claims is

                              1

founded on 28 U.S.C. §§1331 and 1343.

4.   This Court has supplemental jurisdiction over the related state causes of action pleaded herein, pursuant to 28 U.S.C. §1367.

5.   Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claims asserted herein occurred within the district.

6.   A Notice of Claim was duly served upon the County of Suffolk regarding Plaintiff's state claims or causes of action.

7.   More than 30 days have elapsed and defendants have neglected or refused to make any adjustment or payment thereof.

8.   This action is commenced within one year and 90 days after the accrual of the state causes of action.

<u>PARTIES</u>

9.   At all times hereinafter mentioned, plaintiff, MARIO CEDENO ("CEDENO" or "Plaintiff"), was a resident of the County of Suffolk, State of New York.  CEDENO is a Hispanic male.

10.  Upon information and belief, at all times hereinafter mentioned, defendant the COUNTY OF SUFFOLK (hereinafter, the "County" or "Suffolk") is a municipal corporation established under and by virtue of the laws of the State of New York.

11.  At all times hereinafter mentioned, defendant POLICE OFFICER FRANCIS RENDON (hereinafter, "RENDON") was a police officer employed by the County.

12.  At all times hereinafter mentioned, defendant POLICE

2

OFFICER CHRISTINE CUNNINGHAM (hereinafter, "CUNNINGHAM") was a police officer employed by the County.

13.  At all times hereinafter mentioned, defendant POLICE OFFICER JOSEPH LINK (hereinafter, "LINK") was a police officer employed by the County.

14.  At all times hereinafter mentioned, the County maintained, operated, controlled and supervised a police department, Suffolk County Police Department, in which RENDON, CUNNINGHAM and LINK were employed and worked.

15.  At all times hereinafter mentioned, the Suffolk County Police Department employed police officers who performed law enforcement duties for and on behalf of the County within the County's territorial limits, including the individual defendants named herein.

16.  At all times hereinafter mentioned, the individual defendants were acting in the course and within the scope of their employment, as police officers and employees of the County.

17.  At all times hereinafter mentioned, the individual defendants were acting under color of the statutes, ordinances, regulations, customs and usages of the County, and the State of New York, and under the authority of their office as police officers.

<u>FACTUAL ALLEGATIONS</u>

18.  On November 17, 2000, at about 5:00 P.M., defendant CUNNINGHAM arrived at Plaintiff's residence at 829 Suffolk Avenue, Brentwood, County of Suffolk, State of New York, stating

3

that she was there to investigate a report that Plaintiff had maliciously damaged a bathroom door.

19.  Plaintiff denied that he damaged any door, whether that of the bathroom or any other room in the building.  After a few minutes and some cordial small talk between CUNNINGHAM and the Plaintiff, CUNNINGHAM told Plaintiff that she had received "communication from headquarters" and that everything was alright.  Thereupon, CUNNINGHAM departed the location.

20.  At the time, Plaintiff believed that this visit was a ruse for something else because he was confident that, since he did not damage any bathroom door, the owner of the building would confirm that he did not damage or break the bathroom door in the building.

21.  At approximately at 6:15 P.M., CUNNINGHAM returned to 829 Suffolk Avenue with RENDON and LINK.

22.  As Plaintiff met CUNNINGHAM, RENDON and LINK in the rear stairway to his building, CUNNINGHAM began smiling, and stated "We have come to beat you up", a statement which surprised Plaintiff.

23.  Immediately after this statement was made, RENDON pulled out his gun and began to approach Plaintiff menacingly.

24.  Instinctively and almost by reflex action, Plaintiff then raised both his hands in a sign of surrender as he fixed his gaze at RENDON's gun pointed at him.  Plaintiff was very scared of what would happen next since no civilian witnesses were present and all the defendants were armed.

4

25.  Defendant RENDON proceeded to pistol whip Plaintiff and LINK and CUNNINGHAM grabbed Plaintiff, and they jointly wrestled Plaintiff to the ground.

26.  RENDON and LINK began to beat and kick Plaintiff viciously, as Plaintiff demanded to know why he was being assaulted.

27.  Defendant RENDON then placed his gun to the side of Plaintiff's nose under his eyes, and began to press and rub it hard against Plaintiff's skin, causing reddening, indentation and severe pain.

28.  The clear purpose of RENDON's aforesaid conduct was to cause Plaintiff to attempt to either grab the gun, or push it away from his nose, thus providing the defendants an excuse to shoot Plaintiff on the pretext that their lives were in danger.

29.  After Plaintiff had been thoroughly beaten, Plaintiff was arrested and placed in handcuffs and taken to a police car. After Plaintiff had been placed in the police car, RENDON dealt Plaintiff some more blows.

30.  As a result of the beating, Plaintiff suffered injuries, including a badly swollen and bloodied face, as well as bruises and contusions.

31.  Plaintiff was, thereafter, taken to the station house where he was processed and later taken to South Side Hospital where he was treated for his injuries.

32.  Upon information and belief, RENDON has a practice of unlawfully brutalizing civilian arrestees and using excessive

force without any justification.

## COUNT 1: 42 U.S.C. §1983
## <u>UNLAWFUL SEIZURE AND EXCESSIVE FORCE</u>

33.  Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "32" as if fully set forth herein.

34.  The defendants violated plaintiff's civil and constitutional rights under the Fourth Amendment by unlawful seizure of his person, and the **use of excessive force** in effecting his arrest on November 17, 2000.

35.  By reason of the foregoing, Plaintiff has suffered loss an damage.

## <u>COUNT II: ASSAULT AND BATTERY</u>

36.  Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "35" as if fully set forth herein.

37.  Defendants intentionally kicked, punched, battered and otherwise assaulted Plaintiff without justification.

38.  Plaintiff did not voluntarily consent to said offensive contact with his person by the defendants.

39.  By reason of the foregoing, defendants committed

assault and battery on Plaintiff and Plaintiff has suffered loss

an damage.

### COUNT III: ABUSE OF PROCESS

40.   Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "39" as if fully set forth herein.

41.   On or about November 18, 2000, the defendants caused a criminal prosecution to be initiated against Plaintiff on the ground that he resisted arrest in connection with the damage to the aforesaid bathroom door, and committed other offenses against the defendant officers.

42.   Nowhere in the accusatory instrument filed against the Plaintiff in the criminal court was the it mentioned that defendants were at 829 Suffolk Avenue, Brentwood, New York, on November 17, 2000, in response to a gun call as defendants now claim.

43.   Defendants have continued to prosecute Plaintiff who has since 2000 made more than 60 court appearances as a result of defendants' false **misdemeanor charge** and prosecution.

44.   The defendants' purpose in prosecuting Plaintiff is not to secure any criminal conviction, but to intimidate Plaintiff and prevent him from pursuing in civil court, a claim for the violation of his civil and constitutional rights.

### COUNT III:  42 U.S.C. §§1983(3) & 1985 CONSPIRACY

7

45.   Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "44" as if fully set forth herein.

46.   Defendants conspired together for the purpose of depriving Plaintiff of equal protection of the laws, or of equal privileges and immunities under the laws.  Specifically, defendants conspired to deny Plaintiff of the right to be free from unlawful seizure like all citizens and, thereafter, covered their misconduct by lying.

47.   In furtherance of this conspiracy, defendants in fact seized Plaintiff, beat him up without justification, and initiated a bogus prosecution against him to cover up their dastardly deed, all in violation of Plaintiff's Fourth Amendment right to be free from unlawful seizure.

48.   By reason of the foregoing, Plaintiff was injured in his person and suffered loss and damage.


<u>COUNT IV: MONELL CLAIMS</u>

49.   Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "48" as if fully set forth herein.

50.   The County, their agents and servants and employees negligently, carelessly and recklessly failed to properly train and supervise their employees, in particular, the named

8

individual defendants herein, in that they failed to train them on how to control their tempers and exercise proper restraint and deportment and temperament; in that they failed to properly supervise how they effected arrests to avoid excessive use of force, and to avoid gratuitous beating of arrestees.

51.   The County has a pattern or practice of not conducting proper investigation of its officers for reported misconduct, thus allowing said officers, including the named defendants herein, to engage in misconduct without fear of any repercussion to themselves.

52.   By reason of the foregoing, plaintiff has suffered loss an damage.

53.   Jury trial is demanded for all matters triable by jury.

**WHEREFORE,** Plaintiff requests that the Court grant the following reliefs:

a)   On COUNT I, compensatory damages in the sum of FIVE MILLION DOLLARS ($5,000,000.00);

b)   On COUNT II, compensatory damages in the sum of FIVE MILLION DOLLARS ($5,000,000.00);

c)   On COUNT III, compensatory damages in the sum of FIVE MILLION DOLLARS ($5,000,000.00);

d)   On COUNT IV, compensatory damages in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

e)   Punitive damages in the sum of TEN MILLION DOLLARS

($10,000,000.00).

     f)   Attorney's fees, and such other or further relief as to this Court shall seem just and proper in the circumstances.

Dated:     New York, New York
            May 25, 2006

                                    /s/ K.C. Okoli

                                  _____
                                  K.C. OKOLI, ESQ.
                                  (KO 7222)
                                  Attorney for Plaintiff
                                  MARIO CEDENO
                                  330 Seventh Avenue
                                  15th Floor
                                  New York, N.Y. 10001
                                  (212) 564-8152

FOR SERVICE ON:

CHRISTINE MALAFI
SUFFOLK COUNTY ATTORNEY
Attorney for Defendants
By: Richard T. Dunne (RC-6665)
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788

## CERTIFICATE OF SERVICE

This is to certify that on June 6, 2006, I served the foregoing AMENDED COMPLAINT upon the undermentioned Counsel for the defendants, by enclosing a copy of same in an envelop properly addressed and depositing same in an official depository of the U.S. Postal Service for delivery to said counsel as follows:

Richard T. Dunne
Deputy County Attorney
Suffolk County Attorney's Office
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788

Dated:    New York, New York
          June 6, 2006

                                    _____
                                    K.C. OKOLI (KO-7222)